## TERMS AND CONDITIONS OF SALE

1. These Terms and Conditions of Sale are promulgated in connection with the public auction sale (the "Sale") of: (i) estate's interests in a commercial lease ("Lease") for real property located at 1 Long Wharf, Sag Harbor, New York ("Premises") with landlord, Patrick E. Malloy, III ("Landlord") for the use and occupancy of the Premises for a term commencing on April 1, 2014, through and including March 28, 2024

2. The Public Auction will take place on Friday, October 7, 2016 at 11:00 a.m. at the office of Trustee, Macco & Stern, LLP, 2950 Express Drive South, Suite 109, Islandia, New York, or at such later date and time as shall be chosen in the sole discretion of the Trustee. The minimum opening bid at the Sale shall be fixed at THREE HUNDRED AND FIFTY THOUSAND DOLLARS ($350,000.00).

3. The Seller of the Property is Richard L. Stern, Esq. ("Trustee"), as the Chapter 7 Trustee of the estate ("Estate") of Harlow East LLC, debtor ("Debtor"), a Chapter 7 case pending in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), Case No. 16-72175-reg. The Sale is conducted pursuant to Bankruptcy Code Sections 363(b), (d) and (f).

4. Information regarding Trustee's sale of the Lease can be obtained by contacting the Trustee's counsel, Rosen, Kantrow & Dillon, PLLC, 38 New Street, Huntington, New York 11743, 631 423 8527, Fred S. Kantrow, Esq.

5. Prior to the commencement of the Sale, any and all prospective bidders must deliver a certified or bank check payable to the order of Richard L. Stern, Trustee, in an amount at least equal to FIFTY THOUSAND DOLLARS ($50,000.00). Said certified or bank check(s) shall be held as a good faith deposit, which amount shall serve as a good faith deposit against payment of the purchase price by such bidder in the event that such bidder is determined to have made the highest or best bid ("Successful Bidder"). At the conclusion of the Sale, should any party who has posted a deposit not be deemed the successful bidder, or runner-up bidder, then said certified or bank check(s) shall be returned to that bidder immediately after the conclusion of the Sale.

6. Trustee shall retain and deposit in escrow the qualifying deposit of the second highest bidder ("Second Bidder") of the Sale. At the conclusion of the closing of the contemplated contract and sale of the Collateral and Lease to Successful Bidder, Trustee shall return to Second Bidder its qualified deposit within five (5) business days.

7. Within forty-eight (48) hours after conclusion of the Sale, and by not later than the close of business on WEDNESDAY, OCTOBER 12, 2016, the Successful Bidder shall deliver to Trustee by certified check or bank check an amount equal to TWENTY FIVE (25%) percent of the successful bid, minus the qualifying deposit (together with the qualifying deposit, the "Deposit"). The Successful Bidder must execute, and thereby agree to be bound by: (a) these Terms and Conditions of Sale; and (b) a Memorandum of Sale.

8. As the Trustee's proposed sale of the Lease is predicated on the Trustee's ability to assume and assign the Lease pursuant to section 365 of the Bankruptcy Code, the Trustee has filed a separate application allowing him to assume and assign the Lease. A condition of the assumption and assignment of the Lease, requires the Successful Bidder to demonstrate to the Court adequate assurance of future performance under the Lease. Accordingly, the Successful Bidder may be required to provide evidence to the Court sufficient to demonstrate the financial wherewithal to comply with the obligations set forth in the Lease. By accepting any Deposit from any prospective bidder, the Trustee has not made any determination that the Successful Bidder has demonstrated that it can comply with the requirements set forth in section 365 of the Bankruptcy Code. The determination rests solely with the Bankruptcy Court. The Trustee shall not close the sale with any Successful Bidder that cannot demonstrate such financial wherewithal to the satisfaction of the Court should the Landlord require the Successful Bidder to do so.

9. Successful Bidder must close title ("Closing") to the Collateral and Lease at a date ("Closing Date") that is no later than one (1) week after entry of an Order of this Court approving the Sale. **TIME BEING OF THE ESSENCE as to the purchaser**, although such date may be extended solely by Trustee. The Closing shall take place at location that is to be determined by Trustee.

10. In the event that Successful Bidder has posted a deposit by certified or bank check but has failed to close on the transaction within one (1) week after entry of an order approving such sale, unless the Trustee shall extend said time in writing, said amount shall be forfeited and shall constitute liquidated damages for

Successful Bidder's failure to close.

11.  All subsequent bids to the initial bid shall be in increments to be determined solely by Trustee, in consultation with his retained professionals, as to bids for the Property. For the purposes of this Auction, Trustee has determined that all increments must be in an amount not less than TEN THOUSAND DOLALRS ($10,000.00) above and beyond the last bid made.

12.  In connection with the Closing and Closing Date, the Successful Bidder is hereby given notice that **Time is of the Essence against the Successful Bidder and the failure of the Successful Bidder to close for any reason whatsoever (except as otherwise provided below) including his, her or its failure to pay the balance of the Purchase Price on the Closing Date, will result in the Trustee retaining the qualifying deposit as liquidating damages and the termination of the Successful Bidder's right to acquire the Collateral and Lease under these Terms and Conditions of Sale**. The Successful Bidder shall be obligated to close title to the Collateral and Lease and there is no contingency of any kind or nature that will permit the Successful Bidder to cancel or avoid his, her or its obligation under these Terms and Conditions of Sale other than the Trustee's inability to deliver the Collateral and Lease. Further, the Successful Bidder must demonstrate, to the satisfaction of the Trustee or the Court, as the case may be, evidence of his, her or its ability to conclude the transaction upon these Terms and Conditions of Sale, without delay. Trustee reserves the right to reject any offeror, who Trustee, in his sole discretion, believes is not financially capable of consummating the purchase of the Collateral and Lease. **Expenses incurred by the Successful Bidder, or any competing bidder concerning the performance of any due diligence, such as obtaining reports or environmental inspections, shall be the sole responsibility of such bidder and under no circumstances shall Trustee, or the estate, or the Trustee's professionals, be liable or responsible for, or pay, such expenses.**

13.  If Successful Bidder fails to deliver to Trustee by certified check or bank check an amount equal to TWENTY FIVE (25%) percent of the successful bid, minus the qualifying deposit, to equal the Deposit within forty eight (48) hours following the Sale ("Successful Bidder's Default") as provided for in paragraph 7 herein, Trustee, in his sole and absolute discretion, may, within three (3) business days of Successful Bidder's Default, deem the Second Bidder to hold all benefits and obligations under the Terms and Conditions of Sale and memorandum of sale, as the new Successful Purchaser ("New Successful Purchaser"). New Successful Purchaser shall not receive credit for any Deposit forfeited by the initial Successful Purchaser. New Successful Purchaser must close the purchase of the Lease at the later of a date: (i) no more than forty five (45) days following receipt of written notice to the New Successful Purchaser of Successful Purchaser's Default; or (ii) no more than forty five (45) days after entry of an Order of this Court approving the Sale (the "New Successful Purchaser's Closing"), **TIME BEING OF THE ESSENCE** as to the New Successful Purchaser, although such date may be extended solely by Trustee in his discretion.

14.  In the event that the Successful Bidder for the Lease fails to tender payment of the balance of the purchase price by the time of closing, Trustee in his sole discretion shall be authorized to sell the Lease to Second Bidder without any further notice or approval of the Bankruptcy Court.

15.  Should Second Bidder fail to close on the Lease, Trustee shall be authorized to sell the Lease to the next highest bidder without any further notice or approval of the Bankruptcy Court and Trustee shall retain any down payment of the Second Bidder as liquidated damages.

16.  It is understood and **AGREED BY BIDDERS** that the Lease is being sold and delivered **"AS IS" "WHERE IS", "WITH ALL FAULTS"**, without any representations, covenants, guarantees or warranties of any kind or nature whatsoever, and free and clear of all monetary liens, claims and encumbrances of whatever kind or nature, such liens, claims, interests and encumbrances, if any, to attach to the proceeds of Sale in such order and priority as they existed immediately prior to the Sale Date, and subject to, among other things: (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof, including, but not limited to, any regulations imposed by the New York State Department of Environmental Conservation; (e) environmental conditions; and (f) subject to all deed restrictions. By delivering their respective qualifying deposits, all bidders acknowledge that they have had the opportunity to review and inspect the Lease and the premises associated therewith, the state of title thereof and laws, rules and regulations applicable thereto, and the form of Trustee's asset purchase agreement that

Trustee will execute to convey the Lease, and will rely solely thereon and on their own independent investigations and inspections of the Lease in making their bids. **All bidders acknowledge that they have conducted their own due diligence in connection with the Lease and the premises associated therewith, and are not relying on any information provided by the Trustee, or Trustee's retained professionals.**

17. Trustee, and Trustee's retained professionals have not made and do not make any representations or warrantees with respect to the permissible uses of the Premises and Lease, the physical condition, rents, leases, expenses, operations, value of the land or buildings thereon, number of building lots, use or any other matter or thing affecting or related to the Premises and Lease or this Sale, that might be pertinent to the purchase of the Lease, including, without limitation: (a) the current or future real estate tax liability, assessment or valuation of the Premises; (b) the potential qualification of the Premises and Lease for any and all benefits conferred by or available under federal, state or municipal laws, whether for subsidies, special real estate tax treatment, insurance, mortgages, or any other benefits, whether similar or dissimilar to those enumerated; (c) the compliance or non-compliance of the Premises, in its current or any future state, with applicable current or future zoning ordinances or other land use law or regulation, or the ability of the owner of the Premises to obtain a change in the zoning or use, or a variance in respect to the Premises; (d) the availability of any financing for the purchase, alteration, rehabilitation or operation of the Premises and Lease from any source, including, but not limited to, any state, city, local government or federal government or institutional lender; (e) the current or future use of the Premises and Lease; (f) the present and future condition and operating state of any and all machinery or equipment in the Premises and the present or future structural and physical condition of any building thereon or its suitability for rehabilitation or renovation; (g) the ownership or state of title of any personal property in the Premises; (h) the presence or absence of any laws, ordinances, rules or regulations issued by any governmental authority, agency or board and any violations thereof; (i) any present or future issues concerning subdivision or non-subdivision of the Premises; or (j) the compliance or non-compliance of the Premises, Collateral and Lease with environmental laws and the presence or absence of underground fuel storage tanks, any asbestos or other hazardous materials anywhere in the Premises. Each bidder hereby expressly agrees and acknowledges that no such representations have been made. Trustee and his retained professionals are not liable or bound in any manner by expressed or implied warranties, guaranties, promises, statements, representations or information pertaining to the Premises and Lease, made or furnished by Trustee or any real estate broker, agent, employee, servant or other person or professional representing or purporting to represent Trustee unless such warranties, guaranties, promises, statements, representations or information are expressly and specifically set forth in writing by Trustee.

18. Trustee shall convey the Lease in accordance with a contract(s) provided by Trustee to the prospective purchaser and any successful bidder must agree to enter into a contract of sale similar to the contract of sale provided by Trustee at the auction sale.

19. Nothing contained in these terms and conditions of sale/bidding procedures are intended to supersede or alter any provisions of the United States Bankruptcy Code or otherwise interfere with the jurisdiction of the Bankruptcy Court. Trustee reserves the right to modify the terms and conditions of the sale at the Sale and thereafter, consistent with the provisions of the Bankruptcy Code and the Orders of this Court.

20. These terms and conditions of sale/bidding procedures shall be read into the record or specifically incorporated by reference at the auction Sale of the Lease. **By making a bid for the Lease, all bidders shall be deemed to have acknowledged that they have read these terms and conditions of sale/bidding procedures and agree to be bound by them.**

21. Trustee shall be a party to the Sale of the Lease exclusively in his capacity as a trustee in bankruptcy and not as an individual. If Trustee is unable to deliver the Lease in accordance with these Terms and Conditions of Sale, or for any reason whatsoever, his only obligation will be to refund the qualifying deposit to the Successful Bidder (or Second Bidder) and upon such refund the Successful Bidder (or Second Bidder) will have no recourse or claim in law and/or equity against Trustee, or Trustee's retained professionals.

22. Trustee reserves his right to withdraw the Property from the auction or from sale, either prior, or subsequent to the auction, for any reason whatsoever, as he deems necessary or appropriate.

23. The Sale of the Property is subject to confirmation by this Court. Trustee or Trustee's attorney shall notify the Successful Bidder whether the Sale is confirmed by an Order of this Court. Any disputes

concerning the Sale shall be determined by this Court. By participating in the auction and sale, all bidders consent to the jurisdiction of this Court to determine such disputes arising in the Debtor's pending case; and it is further

24. The Bankruptcy Court shall conduct a hearing in connection with confirming the auction sale on October 17, 2016 at 9:30 a.m.

I have read these Terms and Conditions of Sale and agree to be bound by them.

By: _____    Date: 10-7-16

SHR Holdings LLC
By: Michal Buky
Title: SVP